JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Florence Locker

**DEFENDANTS**
Robert Wilkie, Sec. of Veterans Affairs, Dept. of Veterans Affairs

(b) County of Residence of First Listed Plaintiff: Camden Cty, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Washington, DC
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Faye Riva Cohen, Esq
Law Office of Faye Riva Cohen, PC
2047 Locust St, Phila, PA 19103
215-563-7776

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 2000e
Brief description of cause:
Civil Rights / Employment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 0

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 2/26/21
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 310 W. Browning Rd, Collingswood, NJ 08107

Address of Defendant: 810 Vermont Ave, NW, Washington, DC 20420

Place of Accident, Incident or Transaction: 3900 Woodland Ave, Phila, PA 19104

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [ ]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [ ]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [ ]

I certify that, to my knowledge, the within case [ ] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____
                  Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)
                  *Must sign here*

---

**CIVIL:** (Place a ✓ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify): _____*

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury (Please specify): _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify): _____*

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: _____   _____   _____
                  *Sign here if applicable*
                  Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Florence Rocha                        :    CIVIL ACTION
               Plaintiff,             :
      v.                              :
Robert Wilkie                         :
               Defendant.             :    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.             ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                         (X)

| | | | |
|---|---|---|---|
| 2/26/21 | Faye Riva Cohen | | Plaintiff |
| **Date** | **Attorney-at-law** | | **Attorney for** |
| (215) 563-7776 | (215) 563-9996 | | FRC@Fayerivacohen.com |
| **Telephone** | **FAX Number** | | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Florence Kocher<br>　　　Complainant,<br><br>v.<br><br>Robert Wilkie, Secretary of Veterans Affairs<br>Department of Veterans Affairs,<br>　　　Agency. | :<br>:<br>:<br>:  Case No.:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, Florence Kocher, (hereinafter "Plaintiff"), by and her undersigned counsel, hereby files this complaint in her action against Defendant Robert Wilkie, Secretary of Veterans Affairs, Department of Veterans Affairs (hereinafter "Defendant"). Plaintiff is alleging that she was subject to gender/sex discrimination and age discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §2000e *et seq* (Title VII), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq*. (ADEA).

## PARTIES

1. Plaintiff is a resident of Collingswood, New Jersey with an address of 310 W. Browning Rd., Collingswood, NJ 08107 and is a member of protected classes based on her gender (female) and her age (62 years old).

2. Defendant is an agency of the United States federal government with an address of 810 Vermont Avenue NW, Washington, DC 20420 and offices at 3900 Woodland Avenue, Philadelphia, PA 19104, where the events described below took place.

3. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

4. At all times hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

5. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

6. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts within this state and judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

7. This Court may exercise original subject-matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

8. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§1391(b)(1) and 1391(b)(2) because Defendant is located in and/ or regularly conducts business in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

10. Plaintiff exhausted her administrative remedies, as required under federal and state law.

11. Specifically, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 28, 2019.

12. On or about December 3, 2020 the EEOC entered a Final Order from which Plaintiff appeals to this Honorable Court.

## FACTS

13. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

14. Since October 2013, Plaintiff, (born 2/56, female), has been employed with Defendant as a Patient Safety Manager in the Quality Management Department at Corporal Michael J. Crescenz VA Medical Center (VAMC Philadelphia).

15. From August 17, 2017 through December 2018, Tracey Schoen ("Ms. Schoen") (born 10/70, female), was Quality Management Supervisor and Risk Manager at VAMC Philadelphia, and was Plaintiff's first- line supervisor.

16. During the time period in question, Bruce Boxer ("Mr. Boxer") was Plaintiff's second-line supervisor, a position he occupied until approximately July 13, 2018.

17. From approximately July 2018 to February 2019, Brian Gainsley ("Mr. Gainsley") (born 5/77, male), served as Interim Director of Quality Management at VAMC Philadelphia. He succeeded Mr. Boxer. During this time period, Mr. Gainsley was Plaintiff's second-line supervisor.

18. Peter Leporati, (born 7/54, male), previously was a Patient Safety Manager at Philadelphia VAMC. In September 2017, Mr. Leporati was promoted to Quality Management Supervisor. During the time period in question, Mr. Gainsley was Mr. Leporati's first-line supervisor. Ms. Schoen never supervised Mr. Leporati.

19. Mr. Leporati took credit for Plaintiff's tasks, exhibits, concepts, and medical center policies in his own performance evaluation dated April 25, 2017 to April 25, 2018.

20. Ms. Schoen had virtually no contact with Plaintiff prior to the events described herein and, therefore, was woefully uninformed as to how to evaluate Plaintiff.

21. On or around April 2018 Plaintiff was admitted to the Intensive Care Unit at the VAMC Philadelphia due to a medical emergency.

22. Despite Ms. Schoen's total lack of relevant experience or contact with Plaintiff, she functioned as Plaintiff's supervisor and issued Plaintiff a Performance Improvement Plan ("PIP") on August 10, 2018.

23. Ms. Schoen treating Plaintiff differently from her co-workers (as Complainant was the only one for whom performance counseling was issued) is clearly an indicia of discrimination; indeed, the only person who complained about Plaintiff was Ms. Schoen herself.

24. Although Ms. Schoen supervised multiple people, Plaintiff was – suspiciously – somehow the only one of her subordinates for whom she elected to recommend performance counseling.

25. The Union grieved the PIP, arguing that it was procedurally defective. Specifically, the Union argued that management failed to initiate the proper process under the guidelines of VA Handbook 5013.

26. In grieving the August 2018 PIP, the Union requested the following remedies: (1) cease and desist the execution of the PIP; (2) educate QM Management on the proper process for Performance Management; and (3) consider educating Human Resources on Performance Management.

27. To resolve the grievance, Defendant terminated the August 10, 2018 PIP and amended the document on November 1, 2018, using the proper title, Proficiency Counseling, pursuant to VA Handbook 5013.

28. Virtually all the content for the Proficiency Counseling was fabricated.

29. Defendant also agreed to educate QM Management on the proper Performance Evaluation Management, but did not agree to educate Human Resources because QM Management did not have authority to direct the Human Resources workforce.

30. The November 2018 Proficiency Counseling notified Plaintiff that her performance of the duties of her position as Patient Safety Manager was failing in at least one of the critical dimensions entitled Practice, Professional Role, Collaboration/Collegiality, or Scientific Inquiry.

31. The Proficiency Counseling – which had almost entirely fabricated contents - discussed Plaintiff's performance in four critical dimensions of her position, detailing the standard for each dimension, Plaintiff's performance in each dimension, and actions Plaintiff should take to improve her performance.

32. Pursuant to VA Handbook 5013, supervisors are to counsel their employees at least annually.

33. Over the course of her career with Defendant, Ms. Schoen had very little – if any – experience in supervision or performance counseling prior to her actions taken against Plaintiff at issue here, and did not even know how to issue performance counseling before she did so to Plaintiff.

34. Ms. Schoen had virtually no contact with Plaintiff prior to the events described herein; she worked with Plaintiff for less than a year and did not even know Plaintiff had a doctorate when she was issued performance counseling, nor did she review any of Plaintiff's competency assessments prior to issuing performance counseling.

35. Plaintiff had received an outstanding rating from her prior supervisor, Susan Blake, for the years 2013 – 2014. Ms. Blake, was Plaintiff's supervisor for a year and a half and awarded her the National VA NCPS Gold Cornerstone Award for team work and outstanding compliance of all program requirements.

36. Although Ms. Schoen supervised multiple people, Plaintiff was the only one of her subordinates for whom she elected to recommend performance counseling; indeed, the only person who complained about Plaintiff was Ms. Schoen herself.

37. Ms. Schoen's decision to issue Plaintiff performance counseling was under the supervision of Mr. Boxer.

38. Mr. Boxer was a major player in Plaintiff's prior EEO activity, of which Ms. Schoen was well-aware when she decided to take action against Plaintiff.

39. Ms. Schoen was aware that there was a lot of EEO activity in her department generally when she took action against Plaintiff.

40. Despite Mr. Boxer's involvement with Plaintiff's prior EEO activity, he was involved in reviewing the performance counseling, as opposed to recusing himself considering the sensitive nature of his involvement. He did not recuse himself despite the sensitive nature of his prior involvement, resulting in Plaintiff's EEO activity regarding him.

41. Human Relations was also involved in, and instructed Ms. Schoen to initiate, Plaintiff's performance counseling, which is quite unusual.

42. Michael Samson is a quality management specialist in behavioral health, has worked in quality management for about twelve (12) years, has knowledge of Defendant, has worked with Plaintiff, and has knowledge of some of the matters addressed herein.

43. Plaintiff was treated in an unprofessional manner by Defendant, despite performing excellently.

44. Plaintiff's work was not properly acknowledged, and she faced obstacles in doing her work that were out of her control.

45. On January 11, 2019, Plaintiff received her FY2018 proficiency report. The report covered the period October 1, 2017 through September 28, 2018.

46. Pursuant to the collective bargaining agreement between Defendant and Plaintiff, an "employee self-assessment[1] is a critical source of employee performance information and can contribute to improved communication between supervisors and employees…their self-assessment/input is essential to the appraisal process."

47. Self-evaluations are customarily submitted on an official and approved Agency form (VA Form 10- 2633), and Plaintiff requested the same.

48. Ms. Schoen refused to provide Form VA 10-2633 to Plaintiff, which resulted in Plaintiff having to prepare one herself using Microsoft Word.

49. Plaintiff submitted a timely self-evaluation on or about September 22, 2018 to be appended to her December 2018 proficiency report; despite her early submission, Defendant did not include the self-evaluation with her proficiency report until well into 2019.

50. Plaintiff requested that her self-evaluation be transposed on to an official VA Form 10-2633 template. Mr. Gainsley informed Plaintiff that her self- evaluation would not be placed on that template because it is a time-consuming process and not required.

51. Plaintiff's self-evaluation was not initially attached to her final proficiency report. The final proficiency report was signed by Ms. Schoen, the rating official who completed the report, and Mr. Gainsley, the approving official.

---

[1] "Self-assessment" is used interchangeably with "self-evaluation."

52. In her FY2018 proficiency report received January 11, 2019, Plaintiff was rated "Satisfactory" in the category "Nursing Practice." She was rated "Unsatisfactory" in the category "Interpersonal Relationships." Her overall rating was "Low Satisfactory."

53. Plaintiff's receiving the rating of "low satisfactory" is the direct result of her receiving proficiency counseling as described above.

54. The impetus for the claim that Plaintiff lacked interpersonal skills – the incident where Mary Forkin cried – did not call for any sort of discipline; indeed, according to Terry Heard (the Vice President of the American Federation of Government Employees), Ms. Forkin regretted writing up Plaintiff about the issue.

55. Without notice or permission, Defendant – through Mr. Gainsley - knowingly and intentionally put Plaintiff's personal medical information into her proficiency report.

56. Mr. Gainsley again violated Plaintiff's privacy when he emailed out – through an unencrypted email - the last four digits of her social security number and date of birth without her permission.

57. Ms. Schoen got involved with Plaintiff's health care treatment without Plaintiff's permission, and asked Plaintiff invasive questions about her health despite Plaintiff's discomfort with the same.

58. On January 14, 2019, Plaintiff contacted Celita Rivera, Privacy Officer, and reported that there was a privacy violation in her FY2018 proficiency report because she did not give consent for anyone to discuss her health concerns.

59. Ms. Schoen refused to remove the comment about her medical condition from the proficiency report; however, Ms. Rivera agreed that its inclusion – and placement on a federal public website - was a violation of Plaintiff's privacy and potentially of HIPAA as well.

60. Ms. Rivera created a Report of Contact ("ROC") about the complaint she received from Plaintiff and recommended removing Plaintiff's diagnosis from her proficiency report, having Mr. Gainsley review the information security rules of behavior, and having Ms. Schoen retake the TMS Privacy Course 10302. Ms. Rivera forwarded the ROC to Human Resources.

61. On January 31, 2019, Tierney Stanley, (born 5/74, female), Employee & Labor Relations Chief, informed Ms. Rivera that she worked with the service and the Union to address the privacy concerns, and agreed to work with Mr. Gainsley to remove any verbiage that was protected in nature.

62. Ms. Rivera then informed Plaintiff on February 5, 2019, that she had the service remove her diagnosis from her proficiency report and attached a revised copy for her files.

63. On February 27, 2019, Plaintiff informed Ms. Rivera that her diagnosis had yet to be removed from her proficiency report, as she viewed the report with her diagnosis in her electronic personnel file ("EOPF"). Ms. Rivera then contacted Human Resources about the issue.

64. On February 28, 2019, Ms. Stanley determined that Plaintiff's original evaluation was improperly scanned into her EOPF on February 27, 2019, and requested that the document be removed.

65. In her FY2017 proficiency report completed by Mr. Boxer in July 2018, Plaintiff was rated "Satisfactory" in the category "Nursing Practice." She was rated "Unsatisfactory" in the category "Interpersonal Relationships."

66. Her overall rating was "Low Satisfactory." Plaintiff's rating is at variance with her being awarded the Gold Cornerstone Award for team work and outstanding compliance of all program requirements in the pasts.

67. Due to Defendant's discrimination and adverse employment actions taken against Plaintiff, Plaintiff has suffered, *inter alia*:
    a. a negative evaluation (as compared to prior evaluations) from July 2018;
    b. being over looked from being promoted to supervisor;
    c. financial damages that include losing $1,600 in bonuses, losing $1,000 for being credited in Health Care Quality, losing possible salary increase(s) for promotion, and having to incur in excess of $35,000 in legal fees and costs.

## COUNT I
## GENDER DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

68. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

69. Title VII of the Civil Rights Act of 1964 (as amended) makes it an unlawful employment practice for an employer -(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin..." 42 USC Section 2000e-2(a)

70. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her gender (female).

71. As a direct and proximate result of the foregoing violations of Title VII of the Civil Rights Act of 1964, as Amended, Plaintiff has sustained economic and non-economic damages, including, but not limited to, denial of wages and other benefits, lost interest on those wages and other benefits, and loss of any potential opportunity to advance within Plaintiff.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II
## AGE DISCRIMINATION - ADEA

72. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

73. The ADEA makes it unlawful for employers and their agents "to fail or refuse to hire . . . any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1).

74. The foregoing conduct by Plaintiff constitutes unlawful discrimination against Plaintiff on the basis of her age (62 years old).

75. As a direct and proximate result of the foregoing violations of the ADEA, Kelly has sustained economic and non-economic damages, including, but not limited to, denial of wages and other benefits, lost interest on those wages and other benefits, and loss of any potential opportunity to advance within Defendant.

## COUNT III – RETALIATION

76. Plaintiff hereby incorporates the prior paragraphs of this Complaint as though fully set forth at length.

77. Retaliation for EEO activity is specifically prohibited under 42 USCA § 2000e-3 and 29 U.S.C. § 623(d).

78. Plaintiff engaged in protected activity when she submitted a formal EEO Complaint on January 27, 2019 alleging continuing discrimination on the basis of age, race and prior EEO activity.

79. Defendant took adverse employment actions against Plaintiff.

80. A causal connection exists between Plaintiff's participation in the protected activity and the adverse employment action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that the Court grant her the following relief against Defendant:

(a)   Compensatory damages;

(b)   Punitive damages (where applicable);

(c)  Liquidated damages (where applicable);\

(d)  Emotional pain and suffering;

(e)  Reasonable attorneys' fees;

(f)  Recoverable costs;

(g)  Pre and post judgment interest;

(h)  An allowance to compensate for negative tax consequences;

(i)  A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII.

(j)  Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)  Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

Respectfully Submitted,

BY: _____
LAW OFFICE OF FAYE RIVA COHEN, P. C.
FAYE RIVA COHEN, ESQUIRE
Attorney ID: 18839
2047 Locust Street
Philadelphia, PA 19103
(215) 563-7776
Attorney for Plaintiff

Date: February 26, 2021

## VERIFICATION

I, Florence Kocher, hereby verify that I am Plaintiff in the within Complaint and that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements are made to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

_____
Florence Kocher
Plaintiff

Date: 2/26/21